## 21129

The STATE, Respondent, v. Odell BRUNSON and John Larry Hill, Appellants.

(262 S. E. (2d) 44)

---

*David W. Carpenter,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Lindy Pike Funkhouser* and *Sol. James C. Anders,* Columbia, *for respondent.*

January 21, 1980.

*Per Curiam:*

Appellants Brunson and Hill were each convicted of two indicted charges of breaking into a motor vehicle with intent to steal and larceny and one indicted charge of breaking into a motor vehicle with intent to steal. The trial judge sentenced appellants to concurrent terms of fifteen (15) years, fifteen (15) years and five (5) years on these respective convictions.

At the time of conviction, appellant Brunson had eleven (11) months remaining of five (5) years probation for possession and sale of heroin. The trial judge, in reliance upon apparent waiver of the statutory probation warrant requirement, (1976) S. C. Code Section 24-21-450, revoked appellant Brunson's probation without benefit of warrant.

Failure to comply with the warrant procedures set forth in Section 24-21-450 deprived the court below of subject matter jurisdiction to revoke probation. *State v. Hutto,* 252 S. C. 36, 46, 165 S. E. (2d) 72 (1968). Apparent waiver of the statutory requirements did not confer jurisdiction upon the court, therefore, the revocation of the probation sentence is a nullity. *See State v. Castleman,* 219 S. C. 136, 64 S. E. (2d) 250 (1951).

The revocation of appellant Brunson's probation sentence is reversed. All other matters raised on appeal are without merit and are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.