## 21546

Calvin GRAY, Appellant, v. STATE of South Carolina, Respondent.
(281 S. E. (2d) 226)

*Deputy Appellate Defender Vance J. Bettis, of S. C. Commission of Appellate Defense, for appellant.*

*Atty. Gen. Daniel R. McLeod and Asst. Attys. Gen William K. Moore and Donald J. Zelenka, Columbia, for respondent.*

August 11, 1981.

*Per Curiam:*

Appellant was convicted of kidnapping and sentenced to life imprisonment. No direct appeal was taken. He now appeals the denial, after a hearing, of his application for Post-Conviction Relief. Counsel has filed a brief under authority of *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), asserting that there are no meritorious grounds for appeal with the exception of a jurisdictional error relating to the revocation of appellant's probation. Appellant, *pro se,* has filed a brief with this Court.

Inasmuch as the lower court correctly found that appelpellant did not knowingly and intelligently abandon his right to a direct appeal, appellant is granted a review pursuant to *McCray v. State,* 271 S. C. 185, 246 S. E. (2d) 230 (1978).

In reviewing the trial record, it appears that the trial judge revoked appellant's probation on motion of a probation officer and ordered that the revoked probation run consecutive to the life sentence. No probation revocation warrant was issued.

Failure to comply with the warrant procedures as set forth in § 24-21-450, S. C. Code (1976) deprives the trial court of subject matter jurisdiction to revoke probation. *State v. Brunson,* 274 S. C. 220, 262 S. E. (2d) 44 (1980). The revocation of probation without benefit of a warrant is a nullity. *State v. Loftin,* S. C., 275 S. E. (2d) 575 (1981).

Notwithstanding the fact that this appeal is before the Court on an *Anders* brief, we conclude that the lack of subject matter jurisdiction compels reversal of the revocation of appellant's probation.

We have fully reviewed the entire record presented on appeal and conclude that there are no other reversible errors

at trial or arguably *meritorious grounds for appeal.* We are therefore of the opinion that no other error was committed by the lower court and that any further opinion would be without precedential value.

Accordingly, we reverse the revocation of appellant's probation and dismiss the remainder of the appeal pursuant to Rule 23 of the Rules of Practice of this Court.