## 23366

The STATE, Respondent v. John Allen RICHBURG, Appellant.

(403 S.E. (2d) 315)

Supreme Court

torney's fees on each party's standard of living·are also to be considered. *Mitchell v. Mitchell,* 283 S.C. 87, 320 S.E. (2d) 706 (1984).

*Asst. Appellate Defender Robert M. Pachak,* of *SC Office of Appellate Defense,* Columbia, and *Ernest A. Finney, III,* Sumter, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Jan. 22, 1991.

Decided April 1, 1991.

HARWELL, Justice:

Appellant John Allen Richburg was convicted of simple possession of crack cocaine. He was sentenced to seven years imprisonment and a fine of $10,000.00. At the sentencing hearing, the trial judge also revoked one year of appellant's probation on a prior conviction. Appellant appeals his conviction and the revocation of his probation. We affirm the conviction, but reverse the revocation of his probation.

Appellant, who is a member of the black race, argues that his conviction should be reversed because the State violated *Batson*[1] by striking black potential jurors without racially neutral explanations. During jury selection, the State used all five of its peremptory challenges to strike black potential jurors. Although the trial judge questioned whether appellant had met his burden of establishing a *prima facie* case under *Batson,* he nevertheless held a *Batson* hearing and required the State to explain its reasons for striking the jurors. After hearing the State's explanations, the trial judge ruled that the State had not exercised its peremptory challenges in a racially discriminatory manner.

Appellant argues that the State's explanations as to why it struck *veniremen* Daniels and Cook were not racially neutral. The State claimed it struck Daniels be-

---

[1] *Batson v. Kentucky,* 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986).

cause she was single and because one of the investigating officers said he did not want her on the jury; the officer was a recent candidate for sheriff, so the State assumed he knew that the juror was anti-law enforcement.[2] The State claimed it struck Cook because he was a single college student, and the State felt that college students were "more tolerant towards drugs." Appellant argues that these explanations were pretextual because they were not applied in a racially neutral manner as three single white jurors were seated, one of whom was a college student. However, the State asserts that it seated two of the single white jurors because they were teachers, and the State would "always take teachers," and because they were older; the jurors were ages 37 and 42. In addition, one of them had previously served on a criminal jury, thus making her a desirable juror to the State. The white juror who was a single college student was not struck because the State had run out of peremptory challenges at the time she was presented and was therefore unable to strike her.

The burden is on the defendant to prove that the State's allegedly neutral reasons were pretextual because similarly situated white jurors were not struck on comparable grounds. *State v. Johnson,* — S.C. —, 395 S.E. (2d) 167 (1990). Under the facts of this case, the trial judge did not abuse his discretion in finding that the State's explanations for striking the jurors were legitimate and neutral rather than pretextual.

Appellant next contends that his probation was improperly revoked. At appellant's sentencing hearing, the trial judge was informed that appellant was on probation for a prior offense. Although there was no revocation warrant, appellant agreed to waive the presentation of the warrant. The trial judge then revoked one year of appellant's probation. Appellant argues that the trial court was without subject matter jurisdiction to revoke appellant's probation since no probation warrant had been issued pursuant to S.C. Code Ann. § 24-21-450 (1989). We agree.

Failure to comply with the warrant procedures set forth in Section 24-21-450 deprives the trial court of subject matter jurisdiction to revoke probation. *Gray*

---

[2] The State drew the jury with the assistance of the two officers who were involved in the case.

*v. State*, 276 S.C. 634, 281 S.E. (2d) 226 (1981). The revocation of probation without the benefit of a warrant is a nullity. *Id.* Furthermore, apparent waiver of the statutory requirements cannot confer jurisdiction upon the court. *State v. Brunson*, 274 S.C. 220, 262 S.E. (2d) 44 (1980).

The State maintains that this case is distinguishable from *Brunson* because here, appellant *expressly* waived the statutory warrant requirements. However, the law clearly provides that lack of subject matter jurisdiction may not be waived, even by the consent of the parties. *State v. Gorie*, 256 S.C. 539, 183 S.E. (2d) 334 (1971); *Anderson v. Anderson*, 299 S.C. 110, 382 S.E. (2d) 897 (1989). Since the parties cannot, by their actions or agreements, confer subject matter jurisdiction upon the trial court, and since the trial court acquires no power to act without that jurisdiction, the trial judge's revocation of appellant's probation must be reversed.

Affirmed in part, and reversed in part.

GREGORY, C.J., CHANDLER and TOAL, JJ., and LITTLEJOHN, Acting Associate Justice, concur.