23919

The STATE, Respondent v. Willie FELDER, Appellant.

(437 S.E. (2d) 42)

Supreme Court

*Assistant Appellate Defender Wanda H. Haile of S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Barbara R. Morgan,* Aiken, *for respondent.*

Submitted March 23, 1993.

Decided Aug. 9, 1993.

*Per Curiam:*

The circuit court revoked appellant's probation. Because this probation revocation was commenced with the issuance of a citation and affidavit rather than a warrant, appellant asserts that the circuit court lacks subject matter jurisdiction. We disagree and affirm.

South Carolina Code Ann. § 24-21-450 (1989) requires the issuance of a probation revocation warrant before probation may be revoked. If a warrant has not been issued, the trial court lacks subject matter jurisdiction to revoke probation and any attempted revocation is a nullity. *State v. Richburg,* 304 S.C. 162, 403 S.E. (2d) 315 (1991); *Gray v. State,* 276 S.C. 634, 281 S.E. (2d) 226 (1981); *State v. Loftin,* 276 S.C. 48, 275 S.E. (2d) 575 (1981); *State v. Brunson,* 274 S.C. 220, 262 S.E. (2d) 44 (1980); *State v. Hutto,* 252 S.C. 36, 165 S.E. (2d) 72 (1968).

South Carolina Code Ann. § 24-21-300 (1989), however, permits the use of a citation and affidavit in lieu of a warrant.

This section provides in relevant part:

> At any time during a period of supervision, a probation and parole agent, instead of issuing a warrant, may issue a written citation and affidavit setting forth that the probationer, parolee, or any person released or furloughed under the Prison Overcrowding Powers Act in the agent's judgment violated the condition of his release or suspended sentence. . . . The issuance of a citation or warrant during the period of supervision gives jurisdiction to the court and the board at any hearing on the violation.

Based on § 24-21-300,[1] the issuance of the citation and affidavit in this case was sufficient to give the circuit court jurisdiction to revoke appellant's probation. Accordingly, the judgment of the circuit court is

Affirmed.

---

[1] When § 24-21-300 was codified, it was given the title "Citation and affidavit that person released pursuant to the prison overcrowding act is in violation of release." This title would appear to limit the application of the section to release under the Prison Overcrowding Powers Act, S.C. Code Ann. §§ 24-3-1110 to -2060 (1989), which was repealed in 1992. Act No. 461, 1992 S.C. Acts 2425.

Section 24-21-300 was adopted in 1988. Act No. 478, 1988 S.C. Acts 4032. The heading preceding the section in the Act was "Issuance of a citation and affidavit during supervision of probation and parole." Nothing in this heading or in the body of § 24-21-300 limited its application to release under the Prison Overcrowding Powers Act. Indeed, such a limitation would render the portion of § 24-21-300 limited its application to release under the Prison Overcrowding Powers Act. Indeed, such a limitation would render the portion of § 24-21-300 referring to probationers meaningless since the Prison Overcrowding Powers Act did not contain any provision authorizing release on probation. Therefore, despite the language of the title given to the section during codification, § 24-21-300 is applicable to parole and probation which were not part of the Prison Overcrowding Powers Act. *Cf. South Carolina Electric and Gas Co. v. Public Service Comm'n*, 272 S.C. 316, 251 S.E. (2d) 753 (1979) (Changes in the language of a statute incident to codification are not to be taken as changing the meaning of the original enactment.).