24169

Willie James BROWN, Jr., Petitioner v.
STATE of South Carolina, Respondent.

(453 S.E. (2d) 251)

Supreme Court

*Jerry N. Theos, Uricchio, Howe, Krell, Jaconson, Toporek & Theos, P.A.,* Charleston, and *Asst. Appellate Defender Tara Dawn Shurling, SC Office of Appellate Defense,* Columbia, *for petitioner.*

*T. Travis Medlock, Atty. Gen., Joseph D. Shine, Chief Deputy Atty. Gen., Delbert H. Singleton, Jr., Asst. Atty. Gen., Carl W. Stent, Staff Atty.,* Columbia, *for respondent.*

Submitted Apr. 6, 1994.

Decided Dec. 12, 1994; Reh. Den. Jan. 18, 1995.

TOAL, Justice:

Pursuant to *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974), we granted certiorari to review Brown's conviction for murder. Brown claims that he did not knowingly and voluntarily waive his right to testify at trial. We affirm.

## FACTS

On the afternoon of March 15, 1990, Brown and Stephanie Wigfall ("victim") were drinking brandy and preparing dinner

at Brown's residence. The telephone rang and the victim started to answer it. Brown became angry and an argument ensued. Brown left the residence intending to ride around in his automobile. The victim followed him. The argument continued. They drove a short distance and stopped. Brown claims the victim threatened him with an axe handle. Brown took the axe handle from her. The victim kicked and struck Brown. Brown became enraged and beat the victim with the axe handle. The victim did not die immediately. She spoke to Brown. Shortly thereafter, she became unconscious. Brown placed the victim in the back seat of his automobile and completely covered her with a blanket. He rode around for several hours, until about 10:00 p.m. when he checked the victim and found her cold and stiff. Brown then drove to an abandoned property near his residence. He placed Stephanie Wigfall's body in a shallow grave.

The next morning, Brown collected his paycheck and left the state. He was arrested on March 23,1990 when be returned to South Carolina.

Brown was tried from murder. The first trial resulted in a mistrial. The second jury convicted Brown of murder and Brown was sentenced to life in prison. Brown did not testify or present witnesses at either trial. The transcript of the second trial is devoid of any waiver by Brown or Brown's counsel of Brown's right to testify.

Brown filed a direct appeal which he later withdrew. Brown then filed for postconviction relief claiming that he not knowingly and voluntarily withdrawn his direct appeal and that trial counsel was ineffective. The postconviction relief judge held that Brown did not knowingly and voluntarily withdraw his direct appeal, but trial counsel was not ineffective for failing to obtain an on-the-record waiver of Brown's right to testify at trial. We granted certiorari under *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974) to review the question of whether Brown knowingly and voluntarily waived his right to testify on his own behalf.

### LAW/ANALYSIS

Brown claims he did not knowingly and voluntarily waive his right to testify on his own behalf. Brown relies on *State v. Ray*, — S.C. —, 427 S.E. (2d) 171 (1993),

*State v. Orr,* 304 S.C. 185, 403 S.E. (2d) 623 (1991), and *State v. Arthur,* 296 S.C. 495, 374 S.E. (2d) 291 (1988). All of these cases were death penalty cases tried prior to our opinion in *State v. Torrence,* 305 S.C. 45, 406 S.E. (2d) 315 (1991). Therefore, each required an *in favorem vitae* appellate review. While Brown's trial was also prior to our opinion in *Torrence, supra,* Brown is not entitled to an *in favorem vitae* review because this is not a death penalty case. *See Id.*

In *State v. Rocheville,* — S.C. —, 425 S.E. (2d) 32 (1993), we held that a defendant not entitled to an *in favorem vitae* review may not raise for the first time on appeal the lack of a knowing and intelligent waiver of his right to address the jury at the close of the quilt phase and to testify in the sentencing phase of his trial. We reaffirmed this holding in *State v. Hall,* — S.C. —, 439 S.E. (2d) 278 (1994). The same principles apply to the lack of a knowing and intelligent waiver of the defendant's right to testify at trial. *Cf. State v. Orr,* 304 S.C. 185, 403 S.E. (2d) 623 (1991). We noted in *Rocheville, supra,* that abrogating our rule requiring a contemporaneous objection at trial before appellate review may be had encourages a defendant to "purposefully refrain from raising the issue of obtaining a waiver in the record." *Id.,* — S.C. at —, 425 S.E. (2d) 32.

■ An on-the-record waiver of a constitutional or statutory right is but one method of determining whether the defendant knowingly and intelligently waived that right. *See e.g. Myers v. State,* 248 S.C. 539, 151 S.E. (2d) 665 (1966). We have required an on-the-record waiver of constitutional or statutory right only in pre-*Torrence, supra,* death penalty cases. *See e.g. State v. Ray,* — S.C. —, 427 S.E. (2d) 171 (1993); *State v. Orr,* 304 S.C. 185, 403 S.E. (2d) 623 (1991); *State v. Arthur,* 296 S.C. 495, 374 S.E. (2d) 291 (1988). We decline to extend the rule to non-death penalty cases.[1] "Review of this issue is better left to a postconviction relief proceeding where the facts surrounding the trial can be fully explored. Accordingly, we do not address any issues raised on appeal

---

[1] The absence of an on-the-record waiver of a constitutional or statutory right where there is no contemporaneous objection in death penalty cases is reviewable only on postconviction relief for cases tried after *Torrence, supra. State v. Hall,* — S.C. —, 439 S.E. (2d) 278 (1994); *State v. Rocheville,* — S.C. —, 425 S.E. (2d) 32 (1993).

which were not raised in the trial court." *Rocheville,* — S.C.
—, 425 S.E. (2d) at 35.[2]

Affirmed.

CHANDLER, C.J., MOORE, J., and CHARLES W. WHETSTONE, JR., Acting Associate Justice, concur.

FINNEY, J., concurring in separate opinion.

FINNEY, Justice, concurring:

I concur in the result reached by the majority opinion, but write separately to clarify my position on two points.

First, I emphasize that while this Court will not ordinarily consider the issue whether a defendant has knowingly and voluntarily waived a constitutional right for the first time on appeal, we will continue to entertain the claim when it relates to the issue of waiver of the right to counsel. *See State v. Cash,* 304 S.C. 223, 403 S.E. (2d) 632 (1991), and cases cited therein.

Second, in my opinion, it is inappropriate to refer to the evidence presented at petitioner's postconviction relief proceeding since we have granted him a belated appeal. In all fairness, I believe we should treat this matter as we would any other direct appeal and confine our review to the trial record alone.

---

[2] The issue indeed has been reviewed on postcoviction relief. While there was conflicting evidence, "our scope of review in postconviction relief cases is limited to whether there is any evidence to support the lower court's finding of facts." *Knight v. State,* 284 S.C. 138, 141, 325 S.E. (2d) 535, 537 (1985). We therefore, denied certiorari on the issue of whether Brown's trial counsel was ineffective for failing to object to the trial judge's failure to obtain an on-the-record waiver of Brown's right to testify. As we review this case under *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974), the entire postconviction relief record is before us. The record reveals that the defendant actually received competent advice from counsel and strategically decided not to testify. Thus, he was is no way prejudiced by the lack of an on-the-record waiver of his right to testify. In Brown's first trial, the jury could not reach a verdict. As recognized by the postconviction relief judge, the deadlock of the jury was not a question between quilt and innocence but rather one of murder or manslaughter. Brown's trial counsel testified at the postconviction relief hearing that the strategy almost resulted in a conviction for manslaughter rather than murder in the first trial. Thus, trial counsel and Brown agreed to continue the same strategy in the second trial.