526 S.E.2d 713

**Willie Lewis MARTIN, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 25049.**

Supreme Court of South Carolina.

Submitted Nov. 17, 1999.

Decided Jan. 17, 2000.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, and Assistant Attorney General J. Benjamin Aplin, all of Columbia, for petitioner.

TOAL, Justice:

The State appeals the post-conviction relief ("PCR") judge's determination that the probation revocation of Willie Lewis Martin ("Respondent") was improper.

### FACTUAL/PROCEDURAL BACKGROUND

Respondent is currently an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. Out of his rather lengthy criminal history, the portion relevant to this case can be summarized as follows:

1. On December 16, 1986, Respondent pled guilty to one offense of Burglary, Second for which the trial judge sentenced him to 6 years, suspended for 5 years probation. Respondent also pled guilty to one offense of petit larceny for which the trial judge sentenced him to 30 days suspended during probation;

2. On June 19, 1987, Respondent was charged with violating his probation. The trial court decided to continue his probation;

3. On May 24, 1988, a second probation violation warrant was issued but not immediately served on Respondent because he had "absconded the supervision" of the State;

4. On July 15, 1988, in Respondent's absence, a trial court hearing found Respondent was again in violation of his probation based on the May 24, 1988 warrant. The trial court revoked Respondent's 5 year probation, ordered a bench warrant to be issued for Respondent's arrest, and ordered a hearing be held to affirm Respondent's probation revocation upon his capture;

5. On December 12, 1988, Respondent was brought before the trial court on new charges of two counts of Distribu-

tion of Cocaine. Respondent pled guilty and the trial court sentenced Respondent to 15 years for each count, suspended to 5 years probation and shock probation. After the hearing, Respondent was also served with the warrant issued pursuant to the July 15, 1988 order finding a violating of his probation;

6. On December 13, 1988, Respondent was brought back in front of the trial court, apparently for the affirmation hearing. At that time, the trial court delayed having an affirmation hearing on the July 15, 1988 order and revocation of Respondent's suspension so it could evaluate Respondent's response to shock probation;

7. In April 1989, the probation office caused a warrant to be issued against Respondent for violating shock probation;

8. On January 4, 1990, Respondent pled guilty to a new charge of Possession with the Intent to Distribute Cocaine. At the hearing, the trial court sentenced Respondent to 12 years to run "consecutive to any other sentence." The trial court also affirmed the July 15, 1988 order revoking Respondent's 5 year probation.

As a result of the January 4, 1990 guilty plea and probation revocation, Respondent received 12 years in prison consecutive to whatever time is included from his 6 year sentence in 1986. Respondent filed a PCR petition alleging that the trial court could not affirm the revocation of his 5 year probation because the July 15, 1988 trial court did not have subject matter jurisdiction. The PCR judge agreed and declared both the July 15, 1988 probation revocation and January 4, 1990 affirmation of that revocation void. The State appealed and the issue before the Court is:

Did the PCR court err in finding the trial court that revoked Respondent's probation did not have subject matter jurisdiction where a warrant had been issued but not served on Respondent?

## LAW/ANALYSIS

### I. Propriety of the Probation Revocation Hearing

■ The State argues the PCR court erred in finding the July 15, 1988 trial court could not revoke Respondent's proba-

tion when, even though a warrant had been issued, Respondent had not been served with that warrant. We disagree.

Both S.C.Code Ann. § 24–21–450 to 460 (1989 & Supp.1998) and South Carolina case law require a warrant to be issued and the probationer served with the warrant in order to revoke probation. Section 24–21–450 states:

> At any time during the period of probation or suspension of sentence the court, or the court within the venue of which the violation occurs, or the probation agent *may issue or cause the issuing of a warrant* **and** *cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence....* In case of an arrest, the arresting officer or agent *must have a written warrant from the probation agent setting forth that the probationer has, in his judgment, violated the conditions of probation,* and such statement shall be warrant for the detention of such probationer in the county jail or other appropriate place of detention, *until such probationer can be brought before the judge of the court* or of the court within the venue of which the violation occurs ... (emphasis added).

Section 24–21–460 goes on to explain:

> Upon such arrest the court, or the court within the venue of which the violation occurs, *shall cause the defendant to be brought before it* and may revoke the probation or suspension of sentence and shall proceed to deal with the case as if there had been no probation or suspension of sentence ... (emphasis added).

■ These code sections contemplate both the issuance of a warrant and the arrest of the probationer pursuant to that warrant before probation can be revoked. In *Sanders v. MacDougall*, 244 S.C. 160, 163–64, 135 S.E.2d 836, 837 (1964), this Court held that probation revocation "can be done *only* by a court of competent jurisdiction *before which the defendant has been taken* on a warrant charging a violation of the conditions of probation." (emphasis added). In the current case, although a warrant had been issued prior to the July 15, 1988 hearing, that warrant had not been served on Respondent and Respondent was not taken before the trial court during the revocation hearing.

This Court has found "that a probationer is entitled to a hearing on the question of revocation." *Lovell v. State*, 223 S.C. 112, 74 S.E.2d 570 (1953). While "the probation revocation proceeding is not a criminal trial of those charges ... but a more informal proceeding with respect to notice and proof of the alleged violations," *see State v. Franks*, 276 S.C. 636, 281 S.E.2d 227 (1981), under the State's position, the State would be required to give no notice to the probationer before revoking probation. The State would only have to have an affirmation hearing upholding the revocation once the probationer is served with the warrant.

The State relies on *State v. Felder*, 313 S.C. 55, 437 S.E.2d 42 (1993) for the proposition that the issuance of the bench warrant gave the July 15, 1988 court the authority to hold the hearing. This Court in *Felder* stated: "If a warrant has not been issued, the trial court lacks subject matter jurisdiction to revoke probation and any attempted revocation is a nullity.... The issuance of the citation and affidavit in this case was sufficient to give the circuit court jurisdiction to revoke appellant's probation." *Id.* at 56, 437 S.E.2d at 43. The issue in *Felder* was whether a probation revocation hearing could be commenced based on a citation instead of a warrant. Unlike the present case, the probationer in *Felder* had been served and appeared before the court at the probation revocation hearing. The case only addressed whether a citation is the equivalent of a warrant.

## II. Respondent's Waiver of the Hearing

The State argues that even if the July 15, 1988 revocation hearing was improper, Respondent was afforded due process and he waived his right to a hearing on the probation revocation. We agree.

Even though the probation revocation in the July 15, 1988 hearing was improper, when Respondent was properly brought before the court on January 4, 1990 after being served with the warrant, he waived his right to a hearing. The following exchange took place between the trial court and Respondent:

COURT: Anything you want to tell me?

MARTIN: No, sir.

COURT: You want to back up and have a hearing?

MARTIN: No, sir.

COURT: They say you weren't here and it was done in your absence and if you've got a good reason, I'd be glad to set that aside and hear it and do it over.

Since Respondent had been served with the warrant and was present at the January 4, 1990 hearing, the trial court had the authority to revoke Respondent's probation at that hearing, even if the original revocation was improper. While this Court has held that "apparent waiver of the statutory requirements cannot confer jurisdiction upon the court," *State v. Brunson*, 274 S.C. 220, 262 S.E.2d 44 (1980), here the State met the statutory requirements of section 24–41–450 because Respondent had been served with the warrant and was present. He was not waiving jurisdictional requirements, only his due process right to a hearing on the matter of probation revocation. Therefore, even though the January 4, 1990 hearing may not count as an affirmation of the original probation revocation, it was a proper probation revocation hearing on its own merits.

## Conclusion

Based on the foregoing, we **REVERSE** the PCR court.

FINNEY, C.J., MOORE, WALLER, and BURNETT, JJ., concur.