533 S.E.2d 308

**Adrien V. BROWN, Respondent,**

v.

**The STATE of South Carolina, Petitioner.**

**No. 25078.**

Supreme Court of South Carolina.

Submitted Nov. 17, 1999.

Decided March 6, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, Assistant Attorney General Matthew M. McGuire, of Office of the Attorney General, of Columbia, for petitioner.

Chief Attorney Daniel T. Stacey, of Office of Appellate Defense, of Columbia, for respondent.

BURNETT, Justice:

Respondent was convicted of possession with intent to distribute crack cocaine. His petition for post conviction relief (PCR) was granted. We reverse.

## FACTS

Charleston County Sheriff's deputies arrested respondent during a drug raid on an apartment in which respondent was a visitor. At respondent's trial, the State presented four witnesses: three police officers who conducted the search and a forensic chemist with the South Carolina Law Enforcement Division (SLED). The police officers testified respondent dropped a plastic bag containing a yellow substance from the

window of the second story apartment. One officer continuously observed the bag from the window while another officer retrieved it. The forensic chemist testified the substance contained in the plastic bag was crack cocaine.

Respondent was the only defense witness. On cross-examination, the State introduced evidence of prior drug-related crimes to impeach him.

Respondent's application for PCR was granted. The PCR judge found respondent's trial counsel was ineffective in failing to establish on the record that respondent knowingly and intelligently waived his Fifth Amendment right not to testify against himself.

## ISSUES

Did the PCR court err in finding trial counsel ineffective for failing to establish on the record that respondent was informed of his right not to testify?

A. Must the trial court establish on the record that a defendant understands his right not to testify?

B. If trial counsel was ineffective, was respondent prejudiced?

## DISCUSSION

In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his application. *Bell v. State,* 321 S.C. 238, 467 S.E.2d 926 (1996); Rule 71.1(e), SCRCP. For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) he was prejudiced by his counsel's ineffective performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Judge v. State,* 321 S.C. 554, 471 S.E.2d 146 (1996). In order to prove prejudice, an applicant must show that but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* If there is any probative evidence to support the

findings of the PCR judge, those findings must be upheld. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Likewise, a PCR judge's findings should not be upheld if there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const.Amend. V.[1] The decision to testify or not is a perilous one. If a defendant does not testify, he foregoes the opportunity to tell the jury his version of events. On the other hand, if a defendant chooses to testify, he subjects himself to cross-examination, including possible impeachment with prior convictions. Rule 609, SCRE. If a defendant chooses not to take the stand in his own defense, the trial judge must, if requested, instruct the jury that the defendant's failure to testify cannot be held against him or considered by the jury in any manner during its deliberations. *State v. Gunter*, 286 S.C. 556, 335 S.E.2d 542 (1985). A defendant's decision to testify or not must be made with knowledge of the consequences of either choice. *See State v. Orr*, 304 S.C. 185, 403 S.E.2d 623 (1991) (waiver of Fifth Amendment right must be knowing and voluntary), *overruled in part on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).

At his PCR hearing, respondent testified his attorney never informed him he did not have to testify and that the jury would be instructed not to hold his failure to testify against him. The PCR judge found as a fact respondent was not informed by the trial judge or defense counsel of his right not to testify, of the consequences of waiving that right, and that the jury must be instructed not to hold his failure to testify against him. Citing *Orr*, the PCR court ruled the knowing and voluntary requirement must be satisfied by an on-the-record colloquy. The PCR court thus ruled respondent's "decision to waive his Fifth Amendment privilege and testify was not made knowingly, voluntarily, or intelligently, but was

---

1. This provision governs state as well as federal criminal proceedings. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Article I, Section 12, of the South Carolina Constitution contains similar language.

based on the ineffective assistance of counsel." The State argues the PCR court erred in creating an affirmative duty on the part of the trial court to obtain a waiver on the record. We agree.

### A. Must the trial court establish on the record that a defendant understands his right not to testify?

We have previously addressed this question in *Brown v. State*, 317 S.C. 270, 453 S.E.2d 251 (1994). There we said "[a]n on-the-record waiver of a constitutional or statutory right is but one method of determining whether the defendant knowingly and intelligently waived that right." *Id.* at 272, 453 S.E.2d at 252. While *Orr* can be read to require an on-the-record colloquy to establish the voluntariness of *any* statutory or constitutional right, *Brown* made clear the requirement was limited to pre-*Torrence*[2] death penalty cases. We noted in *Brown* that "[r]eview of this issue is better left to a post conviction relief proceeding where the facts surrounding the trial can be fully explored." *Id.*

This is precisely the type of case alluded to in *Brown*. While we decline to require an on-the-record waiver of a defendant's right against compelled testimony, we nonetheless find defense counsel was ineffective. The PCR court found as a fact respondent's trial counsel failed to inform respondent of his Fifth Amendment privilege and the consequences of waiving that privilege. Failure to inform a client of his Fifth Amendment rights and the consequences of exercise and waiver of those rights falls below an objective standard of reasonable representation.

### B. Was respondent prejudiced?

The second prong of the *Strickland* test for ineffective assistance of counsel requires a PCR applicant to show prejudice, *i.e.*, but for counsel's error, there is a reasonable probability the result of the trial would have been different. The PCR judge did not address this prong, although in granting post-conviction relief based on ineffective assistance of counsel he presumably found prejudice. The State argues

---

2. *State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).

the Court should reverse because respondent failed to show prejudice. We agree.

Respondent was the only defense witness. On cross-examination, the State brought out respondent's prior drug-related arrests for impeachment purposes. This testimony was certainly damaging to respondent, and the damage was surely exacerbated by the failure of counsel to request, and the trial court to give, limiting instructions.[3] On the other hand, respondent explained the circumstances of the prior arrests and maintained his innocence of the charges for which he was being tried. Most importantly, respondent gave an innocent explanation for his presence in the apartment at the time of the raid and directly contradicted the testimony of the police officers about dropping the bag of crack cocaine from the window. Moreover, respondent's testimony in other respects was very favorable to him.

We do not believe respondent was prejudiced, despite his assertion at his PCR hearing that he would not have testified at trial had he known his prior record would come out on cross-examination. On the whole, his testimony was more helpful to him than harmful. Furthermore, there is no reasonable probability the result of the trial would have been different had he chosen not to testify, because without his testimony, the jury would only have heard uncontroverted evidence of respondent's guilt.

**REVERSED.**

TOAL, MOORE, and WALLER, JJ., concur.

FINNEY, C.J., dissenting in a separate opinion.

FINNEY, Chief Justice:

I respectfully dissent because I disagree with the majority's analysis of the prejudice issue in this case. When a post-conviction relief (PCR) applicant alleges that he was denied the right to exercise one of his constitutional rights, the sole inquiry is whether he was informed of that right, and if so, whether he validly waived it. If there is no knowing and intelligent waiver, then the remedy is a new trial. *See, e.g.,*

---

3. This error was not ruled upon as a basis for PCR.

*Wroten v. State,* 301 S.C. 293, 391 S.E.2d 575 (1990) (no valid waiver of right to counsel, new trial ordered); *Prince v. State,* 301 S.C. 422, 392 S.E.2d 462 (1990) (same). It is my view that the majority errs when it engages in speculation whether respondent would have fared better had he exercised the right he did not know he possessed. The evidence is uncontroverted that respondent was never informed of his 5th Amendment right not to testify, and therefore we must affirm the PCR order granting respondent a new trial. *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989).