THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Carolyn D. Norris,       
Appellant.
 
 
 

Appeal From Anderson County
J. C. Buddy Nicholson, Jr., Circuit 
 Court Judge

 Opinion No. 2003-UP-81
Submitted November 20, 2002 - Filed 
 January 29, 2003  

AFFIRMED IN PART; REVERSED IN PART

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia; 
 for Appellant.
Deputy Director for Legal Services Teresa A. Knox; Legal Counsel 
 Tommy Evans, Jr.; Legal Counsel J. Benjamin Aplin, all of Columbia; for 
 Respondent.
 
 
 

PER CURIAM:  Carolyn D. Norris appeals the 
 revocation of her probation, arguing the circuit court erred in revoking her 
 probation on three charges for which she had never received probationary sentences.  
 We affirm in part and reverse in part. [1] 
FACTS/PROCEDURAL HISTORY
Norris pled guilty to three counts of forgery and 
 one count of driving under suspension (DUS).  The court sentenced her as follows:

 
 
 
 Forgery indictment 99-GS-04-2469
 10 years suspended 
 upon service of months 
 with 3 years probation
 
 
 Forgery indictment
 99-GS-04-2467
 18 months concurrent
 
 
 Forgery indictment
 99-GS-04-2468
 18 months concurrent
 
 
 DUS indictment 00-GS-04-333
 3 months concurrent
 
 
 

 Norris served the active portion of her 
 suspended sentence on 99-GS-04-2469 and thus also completed her sentences on 
 the remaining charges.  After her release from prison, Norris was arrested, 
 convicted, and sentenced to 30 days for receiving stolen goods.  She was then 
 served with an arrest warrant alleging she violated her probation by being convicted, 
 failing to notify her probation agent of her arrest, being in arrears on her 
 restitution and fees, and failing to follow her probation agents advice.  
At Norris revocation hearing, the court found 
 she willfully violated her probation.  The court reinstated 6 years of her original 
 10 year sentence on indictment 99-GS-04-2469 and continued her on probation 
 with a condition that she attend the restitution center and that her probation 
 be terminated upon full payment of her restitution.  The court issued a written 
 form order to this effect, but also issued three additional orders purporting 
 to revoke Norris suspended sentences on her other original charges.  
LAW/ANALYSIS
Norris first argues the circuit court lacked subject matter 
 jurisdiction to issue probation revocation orders on three charges for which 
 she never received probationary sentences.  We agree.
South Carolina Code Annotated Section 24-21-450 
 (Supp. 2002) permits issuance of an arrest warrant against a defendant for violating 
 probation or suspended sentence conditions [a]t any time during the period 
 of probation or suspension of sentence.  Our courts have held the failure to 
 comply with the warrant procedures established by section 24-21-450 deprives 
 the court of subject matter jurisdiction.  See State v. Richburg, 
 304 S.C. 162, 164-65, 403 S.E.2d 315, 317 (1991).  However, the challenged orders 
 in this case purport to revoke suspended sentences that were never imposed.  
 Norris did not receive probation or suspended sentences on any of these charges.  
 Furthermore, as the State concedes, at the time of the hearing she had completed 
 service of her sentence on each charge in question.  Thus the challenged orders 
 are nullities ab initio.  
Norris next contends she is entitled to reconsideration 
 of her probation revocation on the forgery count for which she received a suspended 
 and probationary sentence because the court was confused.  This argument was 
 not raised to the circuit court at the revocation hearing or in a motion for 
 reconsideration and is therefore not preserved.  State v. Perez, 334 
 S.C. 563, 565-66, 514 S.E.2d 754, 755 (1999).
 AFFIRMED IN PART; REVERSED IN PART.
CONNOR, STILWELL, and HOWARD, JJ., 
 concur.

 
 [1]                 We decide this case without oral argument pursuant 
 to Rule 215, SCACR.