THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Craig L. Atchison # 1,       
Appellant.
 
 
 

Appeal From Newberry County
James W. Johnson, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-045
Submitted November 19, 2003 – Filed 
 January 21, 2004

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia;  and Solicitor 
 William Townes Jones, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Appellant, Craig L. Atchison, 
 was convicted of burglary in the second degree and petit larceny.  The trial 
 judge sentenced Atchison to consecutive terms of fifteen years on the burglary 
 charge and three years on the larceny charge.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
Atchison was tried before a jury on January 17, 
 2002, for burglary and larceny involving the home and personal goods of Jodi 
 Sutton.  Following jury selection, Atchison objected and made a Batson 
 motion requesting the solicitor give race-neutral explanations for the striking 
 of three black males, jurors 23, 52 and 22.  The solicitor responded that he 
 struck juror number 23 "because he does have a magistrate’s court conviction 
 of public intoxication, DUI.” And that he struck juror number 52 "because he 
 had a magistrate’s court conviction for multiple counts of fraudulent checks 
 and also a DUI.”  As to juror number 22, the following colloquy occurred:

[Solicitor]:  And number 22 was Edward Chalmers.  I don’t 
 have any indication Mr. Chalmers has a record.  But in my discussions with Lieutenant 
 Boland, Lieutenant Boland tells me that he has been on several calls regarding 
 Mr., Mr. Chalmers’ niece and on those calls Mr. Chalmers was there and Mr. Boland 
 dealt with him.  He essentially, for lack of a better term, he hangs with the 
 wrong crowd and he’s not the type of individual the State would prefer to have 
 on this jury to hear this case.
[The Court]:  All right.  Mr. Jenkins, you want to be heard 
 on any or all of those?
[Defense Counsel]:  Yes, sir, your Honor.  On number 22.
[The Court]:  23?  22, Chalmers.
[Defense Counsel]:  The last one, Mr. Chalmers.  The Solicitor 
 indicated that the defendant hangs with the wrong crowd and indicated that the 
 officer had some type of interaction with him.  He did not allege any improper 
 conduct or anything that would lead the court to believe that it was a racially 
 neutral reason.  The hanging with the wrong crowd is simply saying that he’s 
 been where officers have been before.  They didn’t offer any information as 
 to his actions or interactions.  I would submit that the reason for striking 
 him is not racially neutral.
[The Court]:  All right.  Mr. Peace, you want to be heard?
[Solicitor]:  Well, your Honor, I don’t have to give any other 
 facts, I mean, on its face is the fact that the police have dealt with him and 
 they inform me based on those dealings that he’s not the type of individual 
 that we want sitting on the jury.  I don’t care if he’s black or white.  If 
 they dealt with him and the dealings haven’t been satisfactory, I think that’s 
 a sufficient reason for us to exercise a challenge.  And I think that’s a racial 
 neutral reason.
[The Court]:  All right, Mr. Jenkins, anything further?
[Defense Counsel]:  No, sir, your Honor.
[The Court]:  All right.  I find that the State has given 
 sufficient racially neutral reasons for having exercised the strikes on juror 
 number 23, 52, and 22.  And the jury as selected will stand.

Following submission of the case to the jury, Atchison 
 was convicted of second-degree burglary and petit larceny.  
LAW/ANALYSIS
On appeal, Atchison contends the trial judge erred 
 in refusing to quash the jury, as it was seated in violation of Batson v. 
 Kentucky, 476 U.S. 79 (1986).  He asserts the explanation given by the solicitor 
 was not racially neutral, but it was akin to saying the venireman "shucked and 
 jived,” an explanation which has been found to demonstrate an impermissible 
 subjective intent to discriminate.  We disagree.  
In State v. Haigler, 334 S.C. 623, 515 S.E.2d 
 88 (1999), our Supreme Court set forth the following relevant law where a Batson 
 motion is concerned:

A Batson hearing is conducted in the following 
 manner.  First, the trial judge must hold a Batson hearing when members 
 of a cognizable racial group or gender are struck and the opposing party requests 
 a hearing.  Second, the proponent of the strike must present a race- or gender-neutral 
 explanation.  At this second step, the proponent of the strike no longer is 
 required to offer a reason that is race or gender-neutral and clear, 
 reasonably specific, and legitimate.  The reason must only be race- or gender-neutral.  
 Third, the opponent of the strike must show that the race- or gender-neutral 
 explanation given was mere pretext.  The burden of persuading the court that 
 a Batson violation has occurred remains at all times on the opponent 
 of the strike.
*        *        *
Whether a party’s proffered reason for exercising 
 a peremptory strike is discriminatory must be determined by examining the totality 
 of the facts and circumstances in the record.

Id. at 629, 515 S.E.2d at 90-91 (citations 
 omitted).  
Unless a discriminatory intent is inherent in the 
 proponent’s explanation at the second step, the reason offered will be deemed 
 race-neutral.  State v. Tucker, 334 S.C. 1, 8, 512 S.E.2d 99, 102 (1999).  
 Further, a trial judge’s determination regarding purposeful discrimination rests 
 largely on his evaluation of demeanor and credibility, and because the demeanor 
 of the challenged attorney is often the best and only evidence of possible discrimination, 
 the evaluation lies peculiarly within the trial judge’s province.  State 
 v. Shuler, 344 S.C. 604, 615-16, 545 S.E.2d 805, 810 (2001).  Thus, the 
 appellate court must give the trial judge’s findings great deference, and review 
 the judge’s ruling under a clearly erroneous standard.  Id. at 615, 545 
 S.E.2d at 810.
The Solicitor explained he struck Mr. Chalmers because 
 (1) he "hangs with the wrong crowd and he’s not the type of individual the State 
 would prefer to have on this jury” and (2) the investigating officer on the 
 case had dealt with him and those dealings had been unsatisfactory.  We discern 
 no discriminatory intent inherent in the Solicitor’s explanation.  See 
 State v. Haigler, 334 S.C. at 630, 515 S.E.2d at 91 (prosecutor’s primary 
 reason for striking potential juror, because lead detective in case knew her 
 to be a high-strung, critical person who would be a polarizing force on the 
 jury, was a race-neutral reason for the strike); State v. Smith, 321 
 S.C. 471, 474, 469 S.E.2d 57, 59 (Ct. App. 1996) (trooper’s personal contact 
 with the venirepersons or family members on previous occasions and his obvious 
 belief they may be biased against law enforcement or otherwise partial to defendant 
 were legitimate and racially neutral, and were related to his views concerning 
 the outcome of the case to be tried); State v. Richburg, 304 S.C. 162, 
 163-64, 403 S.E.2d 315, 317 (1991) (officer’s apparent knowledge that venireperson 
 had anti-law enforcement bias found to be legitimate race-neutral reason for 
 strike); State v. Johnson, 302 S.C. 243, 246, 395 S.E.2d 167, 168-69 
 (1990) (following explanations were found to be racially neutral and sufficient 
 to withstand Batson inquiry:  (1) juror’s neighbor had been arrested by one 
 of the officers involved in the case; (2) juror lived near and frequented an 
 establishment which has had great conflict with the law enforcement of the county; 
 (3) juror lived next door to and had a close relationship with a man who had 
 recently been convicted of a drug offense).
For the foregoing reasons, Atchison’s conviction is
AFFIRMED.
HUFF, STILWELL, 
 and BEATTY, JJ., concur.