755 S.E.2d 117

**The STATE, Respondent,**

**v.**

**Nicholas Jerel BRANNON, Appellant.**

**Appellate Case No. 2011–184266.**

**No. 5204.**

Court of Appeals of South Carolina.

Heard Dec. 16, 2013.

Decided March 5, 2014.

294

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Legal Counsel Tommy Evans, Jr., of South Carolina Department of Probation, Parole & Pardon Services, of Columbia, for Respondent.

THOMAS, J.

Nicholas Jerel Brannon appeals an order revoking his probation and requiring him to serve five months of his original sentence. Brannon's appellate counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moved to be relieved from further

representation; however, this court denied the motion and directed the parties to submit briefs on the questions of whether the circuit court erred in allowing Brannon to waive any challenge to his probation revocation and to waive legal representation without holding a hearing on the voluntariness of these waivers. We remand this matter to the circuit court for specific findings of fact regarding the validity of Brannon's waivers of a hearing on the revocation of his probation and of his right to counsel.[1]

Brannon pled guilty to a charge of assault and battery of a high and aggravated nature and received a sentence of eighteen months, suspended to time served and probation for eighteen months. Several months later, a probation violation citation was issued against Brannon, alleging failures on his part to report, pay supervision fees, comply with the public service condition of his probation, and follow his probation agent's advice. Subsequently, Brannon signed a pre-printed waiver form generated by the Department of Probation, Parole and Pardon Services in which he purportedly indicated his decision to proceed without counsel and waived the right to appear before the circuit court or a probation hearing officer. The same day Brannon signed the form, the circuit court issued an order revoking Brannon's probation and requiring him to serve five months' imprisonment. Brannon appealed. After the notice of appeal was filed, Brannon's appellate counsel attempted to order a transcript of the proceedings, but was informed by the court reporter and the Public Defender's Office in Spartanburg County that no hearing on Brannon's probation revocation had taken place.

" '[A] probationer is entitled to a hearing on the question of revocation.' " *Martin v. State*, 338 S.C. 401, 405, 526 S.E.2d 713, 715 (2000) (quoting *Lovell v. State*, 223 S.C. 112, 117, 74 S.E.2d 570, 571 (1953)). Nevertheless, such a hearing is not a jurisdictional requirement; rather, it has been recognized as a due process right that can be waived by the probationer. *Id.* at 406, 526 S.E.2d at 716. Such a waiver

---

1. We have reviewed the record as required by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991), and find no other directly appealable issues of arguable merit.

must be knowing and voluntary. *See Moore v. State,* 399 S.C. 641, 647, 732 S.E.2d 871, 873 (2012) ("A defendant's knowing and voluntary waiver of statutory or constitutional rights must be established by a complete record, and may be accomplished by a colloquy between the court and defendant, between the court and defendant's counsel, or both." (citing *Roddy v. State,* 339 S.C. 29, 34, 528 S.E.2d 418, 421 (2000))). Although it is not essential that the waiver appear "on-the-record," *Brown v. State,* 317 S.C. 270, 272, 453 S.E.2d 251, 252 (1994), we are troubled by the absence of any finding whatsoever in the appealed order that Brannon knowingly and voluntarily relinquished his right to a hearing. To the contrary, pre-printed language in the form order revoking Brannon's probation states the circuit court found Brannon violated various conditions of his probation "[a]fter hearing the evidence and being duly advised" in Brannon's absence. We therefore remand this matter to the circuit court to determine whether, based on the complete record of this case, Brannon knowingly and voluntarily waived his right to a probation revocation hearing.

Similarly, the appealed order included no findings about the validity of Brannon's purported waiver of counsel; therefore, we remand the matter to the circuit court for findings on this issue. *See* Rule 602, SCACR (requiring "every person charged with the violation of a probationary sentence" to be informed by "the presiding judge of the court in which the matter is to be determined" about the right to counsel and the right have counsel appointed by the court if the person is financially unable to employ counsel); *Turner v. State,* 384 S.C. 451, 454, 682 S.E.2d 792, 793 (2009) (recognizing that "a probationer does not have a Sixth Amendment right to counsel," but further stating that "[i]n South Carolina, . . . all persons charged with probation violations have a right to counsel and must be informed of this right pursuant to court rules and case law"); *id.* (indicating a probationer's right to counsel when charged with violating the probation terms arises pursuant to the Due Process Clause under the Fifth and Fourteenth Amendments); *Barlet v. State,* 288 S.C. 481, 483, 343 S.E.2d 620, 622 (1986) ("[T]he terms of Supreme Court Rule 51 [now Rule 602, SCACR] require that: (1) *all* persons charged with probation violations be advised of their

right to counsel, and (2) *indigent* persons be advised of their right to court appointed counsel.").

**REMANDED.**

SHORT and WILLIAMS, JJ., concur.