## 17576

Leon D. POLSON, Respondent, v. Lloyd C. BURR, Appellant

(110 S. E. (2d) 855)

*F. Turner Clayton, Esq.,* of Cheraw, *for Appellant,*

*Messrs. Leppard & Leppard,* of Chesterfield, *for Respond-ent,*

November 2, 1959.

OXNER, Justice.

This action grew out of a truck collision in Chesterfield County involving three vehicles. Leon D. Polson, the owner and driver of one of the trucks, brought this action against Lloyd C. Burr, the owner and driver of the second truck, to recover damages to person and property which are alleged

to have resulted from the negligence and recklessness of Burr. Thereafter two additional suits were brought to recover damages growing out of the same collision. One was brought by Floyd F. Tyner, the driver of the third truck, against Burr and the other was instituted by Burr against Tyner, the driver, and W. P. Gainey, the owner, of the third truck. The record does not disclose the status of either of the last mentioned actions.

In the case here on appeal Burr, after denying liability and alleging negligence and recklessness on the part of Polson, interposed a counterclaim in which he sought to recover damages not only against Polson, the plaintiff, but also against Tyner and Gainey. He alleged in this counterclaim that his damages were caused by the joint and concurrent negligence and recklessness of Gainey, Tyner and Polson. Thereafter Burr moved that Gainey and Tyner be made parties to the action upon the ground that they were necessary and indispensable parties for a complete determination of the controversy. The record states that the Court below refused this motion, although for some unexplained reason the order is not included in the record. From this order, Burr has appealed. His sole exception is: "That the Honorable trial Judge erred in not permitting a joinder of parties."

The foregoing exception is entirely too general, vague and indefinite to be considered. It clearly fails to comply with Rule 4, Section 6 of this Court. See the recent case of *Hewitt v. Reserve Life Insurance Co.,* S. C., 110 S. E. (2d) 852, where the authorities on the subject are fully discussed.

Even if we were disposed to waive the breach of the Rule, as has been done in a few cases where the exception was found to embrace a meritorious assignment of error, the appeal here is not in such shape as to enable us to properly consider the merits. Owing to the failure to incorporate in the record the order from which the appeal is taken, we are not advised as to the grounds upon which

the motion was denied or the reasons assigned by the Court below for the refusal to make Gainey and Tyner parties.

Appeal dismissed.

STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.