641 S.E.2d 895

**Dwayne Elliott JOHNSON, Respondent,**

v.

**The SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE, AND PARDON SERVICES, Petitioner.**

No. 26277.

Supreme Court of South Carolina.

Heard Jan. 18, 2007.

Decided Feb. 27, 2007.

Deputy Director for Legal Services Teresa A. Knox, Assistant Chief Legal Counsel J. Benjamin Aplin, and Legal Counsel Tommy Evans, Jr., all of Columbia, for Petitioner.

Deputy Chief Attorney Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

Chief Justice TOAL:

In this case, the trial court held that the absence of a favorable recommendation from a probation officer did not deprive the court of subject matter jurisdiction to grant early termination of a person's probation. Relying on technical defects in the appeal, the court of appeals affirmed. This Court granted the South Carolina Department of Probation, Parole, & Pardon Services' ("the Department's") petition for a writ of certiorari, and we now affirm.

## FACTUAL/PROCEDURAL BACKGROUND

This case arises out of Dwayne Elliott Johnson's ("Johnson's") successful *pro se* motion to have his probation terminated early. In April 1992, Johnson was convicted of first degree burglary and grand larceny. Although Johnson received a sentence of twenty-five years imprisonment, the trial court suspended the sentence conditioned upon the service of eighteen years imprisonment and five years probation for the burglary conviction, and ten years imprisonment for the grand larceny conviction. Johnson was released from prison in 2000 and began probation in April 2001.

Approximately one year after beginning his probation, Johnson filed a *pro se* motion asking the court to terminate his probation early. At a hearing on the motion, the Department argued that the circuit court lacked subject matter jurisdiction to consider Johnson's request because the request was not accompanied by a recommendation from the agent in charge of the responsible county probation office in support of early termination.

The trial court held that subject matter jurisdiction over the issue of early termination of probation was not contingent upon the presence of a recommendation from the Department. After hearing testimony from witnesses offered by Johnson and the Department,[1] the trial court terminated Johnson's probation effective April 2003; exactly two years after Johnson began serving his probation sentence and approximately three years early. The Department appealed.

The court of appeals affirmed the trial court's decision in an unpublished opinion. *See Johnson v. South Carolina Dep't of Probation, Parole, & Pardon Serv.*, Op. No. 04–UP–430 (S.C. Ct.App. filed July 9, 2004). The court noted that the Department failed to include Johnson's original *pro se* motion and the trial court's final order in the record on appeal, and also that the Department failed to place the documents in the record in the proper order. *Id.* The court relied on the fact that, as the appellant, the Department had the burden of presenting an adequate record on appeal. *Id.* The court of appeals thus declined to address the merits of the Department's arguments.

---

1. At the hearing, a Department witness testified that the Department was opposed to early termination of Johnson's probation.

The Department unsuccessfully petitioned the court of appeals to allow the Department to supplement the record on appeal and to grant rehearing in the matter, and this Court granted the Department's petition for a writ of certiorari. The Department presents the following issue for review:

Did the court of appeals err in affirming the trial court's decision based upon the Department's failure to present an adequate record on appeal?

## LAW/ANALYSIS

■ The Department argues that the court of appeals erred in affirming the trial court's decision based upon the Department's failure to present an adequate record on appeal. We disagree.

Ordinarily, no point will be considered which does not appear in the record on appeal. Rule 210(h), SCACR. Because court rules require the appealing party to prepare the record on appeal, *see* Rule 210(a), SCACR, South Carolina courts have traditionally held the appealing party accountable for failing to present the court with an adequate record on appeal for review.

For example, the case of *Polson v. Burr* arose out of an automobile collision involving three vehicles, and the case originated when the driver of one of the vehicles sued the driver of the second vehicle. 235 S.C. 216, 217–18, 110 S.E.2d 855, 856 (1959). On appeal, the driver of the second vehicle argued that the trial court erred in denying his motion to join both the driver and the owner of the third vehicle as necessary parties to the action. *Id.* at 217, 110 S.E.2d at 856. In dismissing the appeal, this Court stated:

The record states that the Court below refused this motion, although for some unexplained reason the order is not included in the record.... [T]he appeal here is not in such shape as to allow us to properly consider the merits. Owing to the failure to incorporate in the record the order from which the appeal is taken, we are not advised as to the grounds upon which the motion was denied....

*Id.* at 218–19, 110 S.E.2d at 856.

Although the record on appeal in the instant case contains the full transcript of the hearing before the trial court, includ-

ing the Department's subject matter jurisdiction argument and the trial court's oral ruling on the issue, the Department failed to include the trial court's final order in the record. As both court rule and this Court's precedent provide, a judgment is effective only when reduced to writing and entered into the record. Rule 58(a)(2), SCRCP; *see also Case v. Case*, 243 S.C. 447, 451, 134 S.E.2d 394, 396 (1964) (providing that an oral decision "is not a final ruling on the merits nor is it binding on the parties until it has been reduced to writing, signed by the Judge [sic] and delivered for recordation."). Because the Department failed to include the trial court's final order in the record on appeal, the court of appeals properly decided the case without reaching the merits.

■ To support its argument for reversal, the Department alleges that the Court has an independent obligation to determine the existence of subject matter jurisdiction and that the lower court erred in dismissing the appeal on procedural grounds "without recognizing the potential impact of the [trial court's] decision on South Carolina's unified judicial system." We disagree.

■■ This argument vastly overstates the case. Primarily, the Department misinterprets an appellate court's obligation regarding subject matter jurisdiction. As this Court's precedent expressly provides, *lack* of subject matter jurisdiction in a case may not be waived and ought to be taken notice of by an appellate court. *Amisub of S.C., Inc. v. Passmore*, 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994) (citing *Anderson v. Anderson*, 299 S.C. 110, 382 S.E.2d 897 (1989)). Accordingly, the court of appeals was only required to address the issue of subject matter jurisdiction if it appeared that the lower court *did not possess* subject matter jurisdiction.

■ As we have instructed, subject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case. *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005). Stated somewhat differently, "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Id.* (citing *Pierce v. State*, 338 S.C. 139, 526 S.E.2d 222 (2000)).

Article V, § 11 of the South Carolina Constitution provides that "[t]he Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." Dealing specifically with the issue of probation, the South Carolina Code provides that "the judge of a court of record with criminal jurisdiction at the time of sentence may suspend the imposition ... of a sentence and place the defendant on probation...." S.C.Code Ann. § 24–21–410 (Supp. 2005).

■ The Department argues that the circuit court lacked subject matter jurisdiction to consider Johnson's request because the request was not accompanied by a recommendation from the agent in charge of the responsible county probation office in support of early termination. This argument is based upon the language of S.C.Code Ann. § 24–23–130 (Supp.2005), which provides that "[u]pon the satisfactory fulfillment of the conditions of probation, the court, with the recommendation of the agent in charge of the responsible county probation office, may terminate the probationer or supervised prisoner from supervision."

Modern notions of subject matter jurisdiction, illustrated by this Court's opinion in *Gentry,* resoundingly reject the Department's position. Clearly, the circuit court's power and authority to hear cases involving probation derives from Article V, § 11 of the South Carolina Constitution and § 24–21–410 of the Code. Accordingly, a recommendation from the probation office has no relevance to the circuit court's subject matter jurisdiction to hear cases involving the early termination of probation.

To support its subject matter jurisdiction argument, the Department relies on several cases dealing with the issue of probation revocation. Specifically, these cases hold that a court does not have subject matter jurisdiction to revoke probation or hear a matter involving a probation violation absent the issuance of an arrest warrant from a probation officer. *See e.g. State v. Felder,* 313 S.C. 55, 56, 437 S.E.2d 42, 43 (1993) ("If a warrant has not been issued, the trial court lacks subject matter jurisdiction to revoke probation ....");

*and Gray v. State,* 276 S.C. 634, 636, 281 S.E.2d 226, 226 (1981) ("Failure to comply with the warrant procedures . . . deprives the trial court of subject matter jurisdiction to revoke probation.").

At the outset, this argument is unpersuasive due to the distinctions between the statutes at issue. Section 24–21–300 provides "[t]he issuance of a citation or warrant . . . *gives jurisdiction* to the court . . . at any hearing on the violation." (emphasis added). Similarly, § 24–21–450 provides that a warrant must be issued *before* a probationer may be detained so that he may *then* be brought before a judge. In contrast, § 24–23–130 does not contain the word "jurisdiction," nor is the statute characterized by such process-oriented language as is found in § 24–21–450.[2]

Furthermore, the phrasing of the statute belies the interpretation the Department offers. Specifically, § 24–23–130 suggests that the recommendation of the probation officer is only necessary *at some stage* before a person's probation may be terminated early. Accordingly, the plainest reading of the statute does not support the proposition that a court only has the power to hear early termination of probation cases after a probation officer has made a favorable recommendation. Instead, the statute contemplates that the trial court (1) has the discretion to call an early termination of probation case, on either the Department's or the probationer's motion, (2) has the power to decide whether it shall conduct a hearing (which is required to include the probation officer's recommendation), and (3) has full discretion in ultimately rendering a decision. Instructively, this is the precise scenario that occurred in the instant case.

### CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision.

MOORE, WALLER, and BURNETT, JJ., concur.
PLEICONES, J., concurring in result only.

---

**2.** Because this case does not involve probation revocation, we express no opinion as to the effect this Court's holdings in *Gentry* and *Dove v. Gold Kist,* 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994) may have on the continued validity of prior pronouncements that an arrest warrant affects a court's subject matter jurisdiction.