THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Michael Bradley
 Morris Knight, Appellant
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Motor Vehicles, Respondent.
 
 
 
 
 

Appeal From Richland County
  Paige J. Gossett, Administrative Law
Judge

Unpublished Opinion No. 2009-UP-523
 Submitted November 2, 2009  Filed
November 19, 2009

AFFIRMED

 
 
 
 Calvin Andrew Carroll, of North Charleston
 and Desa Ballard and P. Christopher Smith, Jr., both of West Columbia, for
 Appellant.
 Frank L. Valenta, Jr., Phillip S. Porter, and
 Linda Annette Grice, all of Blythewood, for Respondent.
 
 
 

PER CURIAM: Michael
 Bradley Morris Knight was arrested for driving under the influence.  He refused
 to submit to a breathalyzer test.  As a result, the South Carolina Department
 of Motor Vehicles (the Department) suspended Knight's driving privileges. Upon
 Knight's request, the Department held an administrative hearing for the purpose
 of determining whether the Department properly suspended Knight's license
 because he refused to submit to a breathalyzer test.  The hearing officer
 sustained the decision to suspend Knight's driver's license, and the
 Administrative Law Court (ALC) affirmed.  On appeal, Knight contends the ALC
 erred in concluding the traffic stop was lawful.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Rule 210(h), SCACR
 (explaining ordinarily no point will be considered which does not appear in the
 record on appeal); Johnson v. S.C. Dep't of Prob., Parole, and Pardon Servs.,
 372 S.C. 279, 283, 641 S.E.2d 895, 897 (2007) ("South Carolina courts have
 traditionally held the appealing party accountable for failing to present the
 court with an adequate record for review."); Helms Realty, Inc. v.
 Gibson-Wall Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005) (explaining the
 appellant has the burden of presenting a sufficient record to allow appellate review); Harkins v. Greenville County, 340 S.C. 606, 616, 533 S.E.2d 886, 891
 (2000) (holding this court may affirm the trial court on any issue because the
 appellant failed to meet its burden of presenting an adequate record on appeal).  
AFFIRMED.
SHORT, THOMAS, and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.