THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Christopher T.
 Godley, Respondent,
v.
Helene Dowling,
 Milton Kelley, Harvey Kelley, and All Pro Contractors, Inc. d/b/a Custom Cut
 Log Homes, Defendants, 
of whom Helene
 Dowling is the Appellant.
 
 
 

Appeal From Beaufort County
Judge Carmen T. Mullen, Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-571
Heard December 7, 2011  Filed December
 20, 2011

AFFIRMED

 
 
 
James Moss, of Beaufort, for Appellant.
J. Thomas Mikell, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  This appeal arises out of a jury verdict
 awarding Respondent Christopher T. Godley $10,000 in actual damages and $40,000
 in punitive damages against Appellant Helene Dowling.  On appeal, Dowling
 argues the trial court erred in:  (1) directing a verdict for Godley regarding
 his cause of action for trespass; (2) allowing arborist testimony of the
 commercial value of the trees where the trees were noncommercial; (3) failing
 to direct a verdict for Dowling on the issue of actual damages; and (4) failing
 to direct a verdict for Dowling on the issue of punitive damages.  We affirm.
1.  As to Dowling's argument that the
 trial court erred in granting a directed verdict on Godley's cause of action
 for trespass, we find this argument unpreserved for appellate review.  See Johnson v. S.C. Dep't of Probation, Parole, & Pardon Servs., 372
 S.C. 279, 283, 641 S.E.2d 895, 897 (2007) ("Because court rules require
 the appealing party to prepare the record on appeal, see Rule 210(a),
 SCACR, South Carolina courts have traditionally held the appealing party
 accountable for failing to present the court with an adequate record on appeal
 for review."); Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998) ("[A]n issue cannot be raised for the first time on
 appeal, but must have been raised to and ruled upon by the trial judge to be
 preserved for appellate review.").
2.  As to Dowling's argument that the
 trial court erred in allowing testimony from an arborist, we find this argument
 abandoned on appeal.  See Ahrens v. State, 392 S.C. 340, 357, 709 S.E.2d 54, 63 (2011) (stating
 that issues raised on appeal but not argued in the brief are deemed abandoned
 and will not be considered by the appellate court).  Additionally, because
 Dowling did not object to the arborist's testimony, we find this issue
 unpreserved for appellate review.  See Burke v. AnMed Health, 393
 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) ("A contemporaneous
 objection is typically required to preserve issues for appellate
 review."); S.C. Dep't of Transp. v. First Carolina Corp., 372 S.C.
 295, 302, 641 S.E.2d 903, 907 (2007) (noting a party must make a meaningful
 objection with sufficient specificity to allow the trial court to rule on the
 issue).  Finally, even if Dowling's argument is preserved for review, we find Dowling
 did not show how she was prejudiced by the trial court's ruling.  See Carolina
 Chloride, Inc. v. Richland Cnty., 394 S.C. 154, 714 S.E.2d 869, 879 (2011)
 ("To warrant reversal based on the admission or exclusion of evidence, the
 appealing party must show both the error of the ruling and prejudice.").  
3.  As to Dowling's
 remaining arguments regarding damages, we note Dowling made post trial motions
 arguing there was no basis for the actual damages awarded by the jury and that
 Dowling did not have the ability to pay the excessive punitive damages award. 
 We decline to address the merits of the appeal regarding damages because
 Dowling's appellate brief fails to reveal a challenge to the denial of Dowling's
 post trial motions.[1]  See Jones v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010)
 ("Under the two issue rule, where a decision is based on more than one
 ground, the appellate court will affirm unless the appellant appeals all
 grounds because the unappealed ground will become the law of the case.").
 AFFIRMED.
 HUFF,
 PIEPER, and LOCKEMY, JJ., concur.  

[1] To the extent Dowling argues the trial court erred in
 giving an instruction to the jury regarding intent as an element of trespass,
 Dowling did not object.  The only objection made to the trial court following
 the charge to the jury concerned Dowling's assertion that the trial court
 should not have charged punitive damages.  Therefore, we find Dowling's
 arguments in this regard unpreserved for review.  See Berberich v.
 Jack, 392 S.C. 278, 290, 709 S.E.2d 607, 613 (2011) (finding an issue
 unpreserved for review where the appellant failed to object to the jury
 charge).