**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The Callawassie Island Members Club, Inc., Respondent,

v.

Arthur H. Applegate, Appellant.

Appellate Case No. 2013-001812

———————

Appeal From Beaufort County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-203
Heard March 4, 2015 – Filed April 15, 2015

———————

**AFFIRMED**

———————

Brian D. McDaniel, of Law Office of Brian McDaniel, LLC, of Beaufort, for Appellant.

Ehrick K. Haight, Jr., of Minor Haight & Arundell, PC, of Hilton Head Island; and Stephen P. Hughes, of Howell Gibson & Hughes, PA, of Beaufort, for Respondent.

———————

**PER CURIAM:** In this breach of contract action brought by The Callawassie Island Members Club, Inc. (CIMC) against Arthur Applegate, Applegate appeals a circuit court order referring the matter to the Master-in-Equity, arguing (1) the

order of reference improperly denied him a jury trial on an action at law and (2) the order denying his motion to alter or amend the order of reference improperly contradicted two prior orders denying summary judgment to CIMC, went beyond the scope of CIMC's motion to have the matter heard without a jury, and made new findings of fact and conclusions of law.   We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Applegate's right to a jury trial: Rule 210(h), SCACR (stating that subject to exceptions that are not applicable to this case, "the appellate court will not consider any fact which does not appear in the Record on Appeal"); Rule 39(a)(2), SCRCP (stating that even though a party has demanded a jury trial, the court may find the right to a jury trial on some or all of the issues in the case does not exist); *Hundley v. Rite Aid of S.C., Inc.*, 339 S.C. 285, 306, 529 S.E.2d 45, 57 (Ct. App. 2000) (stating "motions must be made on the record to be preserved," but also allowing "an oral motion that is later reduced to writing [to] preserve an issue for appeal"); *id.* at 57, 529 S.E.2d at 306-07 (stating appellants "bear the burden of providing the court with a record sufficient to allow appellate review").

2.  As to whether the order denying Applegate's motion to alter or amend exceeded the scope of the motion: *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 283, 641 S.E.2d 895, 897 (2007) ("South Carolina courts have traditionally held the appealing party accountable for failing to present the court with an adequate record on appeal for review."); *Ballenger v. Bowman*, 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994) ("The denial of summary judgment does not establish the law of the case . . . ."); *Mains v. K Mart Corp.*, 297 S.C. 142, 145, 375 S.E.2d 311, 313 (Ct. App. 1988) ("A trial lawyer must, with all deference to the court, preserve his client's position in order to lay a foundation for appeal.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**