**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nationstar Mortgage, LLC, Respondent,

v.

Rhonda Lewis Meisner, Appellant.

Appellate Case No. 2013-002694

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2016-UP-187
Submitted March 1, 2016 – Filed April 27, 2016

**AFFIRMED**

Rhonda Meisner, of Blythewood, pro se.

Robert A. Muckenfuss, of McGuireWoods LLP, of Charlotte, NC, and Magalie Arcure Creech, of Finkel Law Firm LLC, of Charleston, for Respondent.

**PER CURIAM:** Rhonda Lewis Meisner appeals the master's order and judgment of foreclosure and sale, arguing the master erred in (1) granting summary judgment in favor of Nationstar Mortgage, LLC (Nationstar), (2) finding Nationstar had

standing to pursue foreclosure, (3) giving legal and tax advice, and (4) finding the subject property was not Meisner's primary residence. We affirm.[1]

1. As to issues 1 and 2, we find the master did not err in ordering the foreclosure and sale of Meisner's property because Meisner conceded the issue of summary judgment, and in doing so, also conceded Nationstar had standing.[2] *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal."); *S. Ry. Co. v. Routh*, 161 S.C. 328, 333, 159 S.E. 640, 642 (1930) (finding an issue conceded to the circuit court cannot be argued on appeal).

2. As to issue 3, we find this issue is not preserved. *See S.C. Dep't of Transp. v. M & T Enters. of Mt. Pleasant, LLC*, 379 S.C. 645, 658, 667 S.E.2d 7, 14 (Ct. App. 2008) ("It is well settled that an issue must have been raised to and ruled upon by the [trial] court to be preserved for appellate review."); *Degenhart v. Knights of Columbus*, 309 S.C. 114, 118, 420 S.E.2d 495, 497 (1992) ("An issue on which the [master] never ruled and which was not raised in post-trial motions is not properly before this [c]ourt.").

3. As to issue 4, we find this issue was conceded to the master. *See TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. at 617, 503 S.E.2d at 474 ("An issue conceded in a lower court may not be argued on appeal.").

**AFFIRMED.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note Mesiner also raised the issue of subject matter jurisdiction within her argument on Nationstar's lack of standing; however, the master had the power to hear an action in foreclosure. *See Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007) ("[S]ubject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case."); Rule 53(b), SCRCP ("In . . . an action for foreclosure, some or all of the causes of action in a case may be referred to a master . . . .").