# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Cleo Sanders, Respondent,

v.

Savannah Highway Automotive Company, a General Partnership d/b/a Rick Hendrick Dodge Chrysler Jeep Ram, Santander Consumer USA Holdings, Inc., Isiah S. White, Danny Anderson, and Patrick Bachrodt, Jr., Defendants,

Of which Savannah Highway Automotive Company, a General Partnership d/b/a Rick Hendrick Dodge Chrysler Jeep Ram and Isiah S. White are the Appellants.

Appellate Case No. 2018-000171

───────────

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

───────────

Opinion No. 5779
Submitted September 1, 2020 – Filed October 21, 2020

───────────

## AFFIRMED

───────────

John Thomas Lay, Jr., Jessica Ann Waller, and Alice Price Adams, all of Gallivan, White & Boyd, PA, of Columbia, for Appellants.

C. Steven Moskos, of C. Steven Moskos, PA, of Charleston, for Respondent.

───────────

**THOMAS, J.:** Cleo Sanders filed this action against Savannah Highway Automotive Company, a General Partnership d/b/a Rick Hendrick Dodge Chrysler Jeep Ram (Rick Hendrick Dodge), Santander Consumer USA Holdings, Inc. (Santander), Isiah S. White, Patrick Bachrodt, Jr., and Danny Anderson. Rick Hendrick Dodge and White (Appellants) appeal, arguing the circuit court erred in (1) denying their motion to compel arbitration, (2) granting Sanders' motion to compel discovery despite a lack of jurisdiction, and (3) finding they waived their right to seek arbitration by participating in discovery. We affirm.

## FACTUAL BACKGROUND

Sanders visited Rick Hendrick Dodge in Charleston to purchase a vehicle. White, a salesman at Rick Hendrick Dodge, assisted Sanders with the sale. Sanders traded in his vehicle and purchased a 2012 Dodge Charger, allegedly at a price higher than Sanders previously saw advertised. Sanders alleges he notified Rick Hendrick Dodge that he was on short-term disability at the time of the purchase. According to Sanders, Rick Hendrick Dodge knowingly used his inflated income, including his disability payments, to obtain approval for a loan. Sanders signed a Retail Installment Sales Contract (RISC) that included an arbitration clause on its last page. Rick Hendrick Dodge assigned the RISC to Santander. Sanders' monthly payment was 37% of his pre-tax monthly income, he defaulted, and Santander repossessed the vehicle.

Sanders filed this action for conversion, Unfair Trade Practices Act violations, Regulation of Motor Vehicle Dealers Act violations, fraud, negligent misrepresentation, and negligence. Defendants answered, and Appellants moved to compel arbitration. After a hearing, the court denied the motion to compel arbitration by order filed January 10, 2018, finding the "right to compel arbitration was extinguished when [the RISC] was assigned to Santander." During a hearing on January 9, 2018, and in an order filed January 18, 2018, the court granted Sanders' oral motion to dismiss Santander from the case without prejudice. On February 6, 2018, Appellants filed a Notice of Appeal of the January 10, 2018 order with this court. While that appeal was pending, the circuit court filed an order on February 20, 2018, ordering Appellants to respond to discovery requests. Appellants also appeal the discovery order.

## STANDARD OF REVIEW

"Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit court's factual findings, this court will not overrule

those findings."  *Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 286, 733 S.E.2d 597, 599 (Ct. App. 2012).

**LAW/ANALYSIS**

**A.  Arbitration**

Appellants argue the circuit court erred in finding their right to seek arbitration was extinguished when Rick Hendrick Dodge assigned the RISC to Santander, and the effect of the assignment on their right to arbitration should have been decided by an arbitrator.  We disagree.

The circuit court found that although the RISC was governed by the Federal Arbitration Act (FAA), state law governed the issue of assignment as to the enforceability of the arbitration clause.[1]  Applying South Carolina law, the court next found "once a contract is properly assigned[,] the assignor retains no interest in the right transferred."  Finally, the court found "an assignor's right to compel arbitration is lost once it assigns a contract containing an arbitration clause."

Any rights of Appellants based on the arbitration clause, including the right to arbitrate and the right to have the issue of arbitrability decided by an arbitrator, arise from the RISC, which Rick Hendrick Dodge assigned to Santander.  We find no error in the circuit court's finding that the assignment extinguished Appellants' rights under the RISC.

Three elements constitute an assignment: "(1) an assignor; (2) an assignee; and (3) transfer of control of the thing assigned from the assignor to the assignee."  *Donahue v. Multimedia, Inc.*, 362 S.C. 331, 338, 608 S.E.2d 162, 165 (Ct. App. 2005).  "An assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires a right to such performance."  *Moore v. Weinberg*, 373 S.C. 209, 219–20, 644 S.E.2d 740, 745 (Ct. App. 2007) (quoting Restatement (Second) of Contracts § 317(1) (1981)), *aff'd*, 383 S.C. 583, 681 S.E.2d 875 (2009).  "The principle is well settled that a

---

[1] Neither party has alleged that the transaction did not involve interstate commerce. *See Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995) (holding that all arbitration provisions dealing with transactions involving interstate commerce are subject to the FAA).

valid assignment operates to pass the whole right of the assignor, and that thereafter the assignee stands in the place of the assignor, possessing all rights or remedies available to the assignor." *duPont de-Bie v. Vredenburgh*, 490 F.2d 1057, 1061 (4th Cir. 1974). "[W]here a party assigns agreements that include an arbitration clause, the assignor's 'right to compel arbitration under those agreements is extinguished.'" *In re Wholesale Grocery Prods. Antitrust Litig.*, 97 F. Supp. 3d 1101, 1106 (D. Minn. 2015) (quoting *HT of Highlands Ranch, Inc. v. Hollywood Tanning Sys., Inc.*, 590 F. Supp. 2d 677, 684–85 (D.N.J. 2008) (internal quotation omitted)), *aff'd*, 850 F.3d 344 (8th Cir. 2017), *amended* (May 1, 2017).

In *HT of Highlands Ranch*, the district court of New Jersey explained as follows the extinguishment of the right to arbitrate when the contract containing the arbitration clause is assigned:

> In light of the fact that, prior to the commencement of this action, [the defendant] assigned its rights and obligations under the franchising agreements . . . , the Court cannot, at this stage, conclude that "a valid agreement to arbitrate [presently] exists" . . . . "[W]hen an assignee assumes the liabilities of an assignor, it is bound by an arbitration clause in the underlying contract. Because "an assignment cannot alter a contract's bargained-for remedial measures," . . . a corollary to the principle that an assignee is bound by the arbitration clause in an assigned contract is that "an assignment ordinarily extinguishes the right [of the assignor] to compel arbitration."

590 F. Supp. 2d at 684 (second and fourth alterations in original) (internal citations omitted); *see Kennamer v. Ford Motor Credit Co.*, 153 So.3d 752, 762–63 (Ala. 2014) (explaining that because of a car dealership's assignment of a sales contract containing an arbitration clause to Ford Credit, Ford Credit could enforce the arbitration clause, but the dealership could not). Because Rick Hendrick Dodge assigned the RISC to Santander, we find all alleged rights arising from the contract, including the right to have an arbitrator determine the arbitrability of the action and the right to arbitrate, were extinguished as to Appellants.

## B.    Discovery Order[2]

---

[2] We combine Appellants' second and third arguments.

Appellants maintain the circuit court erred in compelling discovery, arguing the court lacked subject matter jurisdiction to enter the order compelling discovery after they had filed their Notice of Appeal.  We disagree.

"It is well-settled that issues relating to subject matter jurisdiction may[ ]be raised at any time." *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 168, 485 S.E.2d 371, 372 (1997).  "Whether a court has subject matter jurisdiction is a question of law we review de novo." *Deborah Dereede Living Tr. dated Dec. 18, 2013 v. Karp*, 427 S.C. 336, 346, 831 S.E.2d 435, 441 (Ct. App. 2019).  "[S]ubject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case." *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007).  "Stated somewhat differently, 'subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.'" *Id.* (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005)).  "Circuit courts have jurisdiction over general tort cases . . . ." *Metts v. Mims*, 384 S.C. 491, 498, 682 S.E.2d 813, 817 (2009); *see also* S.C. Code Ann. § 39-5-140(a) (1985) (providing for an action to recover unfair trade practices damages in a "court").  We find the circuit court did not lack subject matter jurisdiction.

As to Appellants' remaining arguments regarding the discovery order, we decline to address them because discovery orders are interlocutory and not immediately appealable.  *See Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008) ("[D]iscovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the appealability statute, involve the merits of the action or affect a substantial right.").

**CONCLUSION**

Based on foregoing, the order on appeal is

**AFFIRMED.**[3]

**HILL and HEWITT, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.