**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert W. Gillmann, Respondent,

v.

Beth Dixon Gillmann, Appellant.

Appellate Case No. 2023-000437

Appeal From Lexington County
W. Greg Seigler, Family Court Judge

Unpublished Opinion No. 2025-UP-224
Heard March 11, 2025 – Filed July 2, 2025

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Nancy A. Lipski, of Nancy A. Lipski, LLC, of Lexington, for Appellant.

Max Nathan Pickelsimer, of Rock Hill, for Respondent.

**PER CURIAM:** In this appeal from a declaratory judgment action, Beth Gillmann (Wife) appeals the family court's order granting Robert Gillmann's (Husband's) motions to dismiss her first and second counterclaims and awarding Husband $9,271.69 after equitably offsetting the amount Husband owed her for

attorney's fees and property division with the amount she owed Husband for his excess alimony payments. Wife argues the family court erred in dismissing her first counterclaim because this court did not have subject matter jurisdiction to modify the original permanent periodic alimony award to a fixed term alimony award in *Gillmann v. Gillmann*.[1] She also argues the family court erred in dismissing her second counterclaim in which she contended the *Gillmann I* alimony judgment was void ab initio because this court rendered it without federal or state constitutional due process. She further argues that even if the *Gillmann I* alimony judgment was valid, the family court exceeded its mandate by awarding Husband judgment interest and equitable setoff in the declaratory judgment action, did not correctly apply the law in awarding judgment interest to Husband, and did not correctly apply the law in allowing Husband's excess alimony payments to offset the attorney's fees and property division award he owed her since 2015. We affirm the family court's order as to the grant of Husband's motions to dismiss Wife's first and second counterclaims and reverse and remand the award of $9,271.69 to Husband for recalculation of the post-judgment interest owed by each party.

1. We hold the family court did not err by dismissing Wife's first counterclaim. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."). In her first counterclaim, Wife alleged this court erred in modifying her permanent periodic alimony to fixed term alimony in *Gillmann I* because the family court had exclusive jurisdiction over the modification of orders of spousal support. We hold this court had subject matter jurisdiction to modify the alimony awarded Wife from permanent periodic alimony to fixed term alimony and to apply the modification retroactively. *See* S.C. Code Ann. § 14-8-200(a) (2017) ("Except as limited by subsection (b) and Section 14-8-260 [of the South Carolina Code (2017)], the court [of appeals] has jurisdiction over any case in which an appeal is taken from an order, judgment, or decree of the . . . family court . . . ."); S.C. Code Ann. § 63-3-630(A) (2010) ("Any appeal from an order, judgment, or decree of the family court shall be taken in the manner provided by the South Carolina Appellate Court Rules. The right to appeal must be governed by the same rules, practices,

---

[1] (*Gillmann I*) 2019-UP-172 (S.C. Ct. App. filed May 15, 2019) (finding the family court erred in awarding Wife permanent periodic alimony, awarding Wife fixed term alimony of $2,000 per month for eighteen months from the date of divorce, holding Husband's alimony obligation retroactively terminated on February 9, 2018, and finding that Husband was entitled to full reimbursement for alimony payments paid past that date).

and procedures that govern appeals from the circuit court."); *see also Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007) ("[S]ubject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case."); *id.* ("[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005))); Rule 220(a), SCACR ("The [appellate] court may affirm, reverse, or modify the decision below or remand all or any issues for further proceedings."). We reject Wife's argument that sections 63-3-530[2] and 20-3-170(A)[3] divest this court of subject matter jurisdiction to modify an award of alimony in family court cases appealed to this court. Our appellate courts have modified alimony without remanding the case to the family court. *See Major v. Major*, 277 S.C. 318, 320-21, 286 S.E.2d 666, 668 (1982) (reversing the family court's denial of alimony and directing the husband to pay the wife $150 per month in alimony); *Holmes v. Holmes*, 399 S.C. 499, 506-07, 732 S.E.2d 213, 217 (Ct. App. 2012) (affirming the family court's order requiring Husband to pay Wife alimony but reducing Husband's monthly alimony payments upon finding Husband demonstrated an unanticipated, substantial change in circumstances); *Christy v. Christy*, 317 S.C. 145, 148, 452 S.E.2d 1, 2-3 (Ct. App. 1994) (noting the wife's award of $2,500 per month in permanent periodic alimony was modified to $1,750 per month in a previous opinion). In *Christy*, this court also stated the termination of an alimony payment can apply retroactively when the appellate court so directs. *See id.* at 152, 452 S.E.2d at 4-5. Accordingly, we hold this court had subject matter jurisdiction in *Gillmann I* to modify the alimony awarded to Wife and to terminate alimony as of February 9, 2018.

---

[2] S.C. Code Ann. § 63-3-530 (A)(2) (2010 & Supp. 2024) ("The family court has exclusive jurisdiction . . . to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties . . . .").

[3] S.C. Code Ann. § 20-3-170(A) (2014) ("Whenever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments . . . .")

2.  We hold the family court did not err by dismissing Wife's second counterclaim. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 ("[T]he proper standard of review in family court matters is de novo . . . ."). In her second counterclaim, Wife alleged this court deprived her of due process when it rendered the *Gillmann I* opinion. We hold neither this court nor our supreme court violated Wife's right to due process in *Gillmann I. See Kurschner v. City of Camden Plan. Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment of the United States Constitution."); *id.* ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 733 (2002) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands." (alteration in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))). This court had the appellate jurisdiction and authority to modify the permanent periodic alimony the family court awarded Wife to fixed term alimony in *Gillmann I. See* Rule 220(a), SCACR ("The [appellate] court may affirm, reverse, or modify the decision below or remand all or any issues for further proceedings."). After this court filed its opinion in *Gillmann I*, Wife filed a petition for rehearing, which this court denied. Wife then filed a petition for a writ of certiorari, which our supreme court denied. Wife made arguments concerning fundamental fairness in her petition for rehearing and her petition for a writ of certiorari. These arguments equate to the due process arguments she raised to the family court and on appeal. *See Hipp v. S.C. Dep't of Motor Vehicles*, 381 S.C. 323, 325, 673 S.E.2d 416, 417 (2009) ("Due process is violated when a party is denied fundamental fairness."). But Wife was afforded the opportunity to be heard and proper judicial review of her petition for rehearing and her petition for a writ of certiorari, which included her due process argument. *See Bundy v. Shirley*, 412 S.C. 292, 302-03, 772 S.E.2d 163, 169 (2015) (finding no denial of the appellant's due process rights when the court of appeals denied his petition for rehearing prior to reviewing his reply to the respondent's return because the court issued an order stating it declined to alter its decision after reviewing the reply, and therefore appellant "was afforded an opportunity to be heard and received judicial review of his reply"). Thus, we hold our appellate courts did not deprive Wife of the right to due process in *Gillmann I*. Accordingly, we hold the family court did not err in granting Husband's motion to dismiss Wife's second counterclaim.

3.  We hold the family court did not err in awarding Husband post-judgment interest on his excess alimony payments; however, we hold the family court erred

in determining the accrual date of the interest.  Initially, we hold the family court could not award Husband pre-judgment interest on his excess alimony payments because he failed to ask for such relief in his pleadings.  *See* S.C. Code Ann. § 34-31-20 (B) (2020) ("A money decree or judgment of a court enrolled or entered must draw interest according to law.  The legal rate of interest is equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus four percentage points, compounded annually."); *Dixie Bell, Inc. v. Redd*, 376 S.C. 361, 368, 656 S.E.2d 765, 768-69 (Ct. App. 2007) ("This [c]ourt requires parties to plead for pre-judgment interest in order for it to be recovered.  If no request for pre-judgment interest is made in the pleadings, it cannot be recovered on appeal." (citations omitted) (quoting *Tilley v. Pacesetter Corp.*, 355 S.C. 361, 375-76, 585 S.E.2d 292, 299 (2003))).  We hold the family court could award Husband post-judgment interest on his excess alimony payments because the amount owed was a fixed award as of the filing of this court's opinion in *Gillmann I* on May 15, 2019.  *See Calhoun v. Calhoun*, 339 S.C. 96, 102, 529 S.E.2d 14, 17 (2000) ("Where the law allows interest as a matter of course, it is unnecessary to make demand for it in the pleadings"); *Casey v. Casey*, 311 S.C. 243, 245-46, 428 S.E.2d 714, 716 (1993) ("[F]ixed awards of money for equitable distribution shall accrue interest at the post-judgment rate from the date of the judgment . . . .").  We hold the family court could award post-judgment interest even though this court did not include such an award in its *Gillmann I* opinion because post-judgment interest is awarded as a matter of course.  *See Calhoun*, 339 S.C. at 102, 529 S.E.2d at 18 ("While pre-judgment interest must be pled in order to be recovered, . . . this Court has recognized that a claimant is entitled to interest from the date of the rendition of the verdict, or post-judgment interest, as a matter of course.").  This court's opinion in *Gillmann I* modified Husband's alimony from permanent periodic to fixed term and indicated his alimony payments terminated retroactively as of February 9, 2018.  Although this court did not state the exact amount of excess alimony paid by Husband in *Gillmann I*, the amount of excess alimony was a sum certain at the time this court filed its opinion in *Gillmann I* because the parties knew the amount of alimony that Husband paid each month since February 8, 2018.  Accordingly, we hold the family court did not err in awarding Husband post-judgment interest on the $31,000 in excess alimony.

However, we hold the family court erred in determining the accrual date for post-judgment on Husband's excessive alimony payments was February 8, 2018, because no final judgment requiring Wife to reimburse Husband for excess alimony payments was in place on that date.  See *Babb v. Rothrock*, 310 S.C. 350, 354, 426 S.E.2d 789, 792 (1993) ("If, after appeal, a further determination by the

trial court is necessary in order to fix the amount of an award, the award will not draw interest until the determination is made."). We hold the post-judgment interest on Husband's excess alimony payments began accruing from May 15, 2019, the date this court filed its opinion in *Gillmann I*, and continued accruing to the present. *See Hopkins v. Hopkins*, 343 S.C. 301, 307, 540 S.E.2d 454, 458 (2000) (reversing the family court's holding that the mother did not need to reimburse the father for child support payments made after the children turned eighteen but finding the father was not entitled to post-judgment interest because he had received no money judgment prior to the court's opinion).

Additionally, we hold post-judgment interest on the attorney's fees and property division award Husband owed Wife began accruing on November 24, 2015, when the family court entered the final order in the parties' divorce action, and continued accruing to the present. *See Calhoun*, 339 S.C. at 104, 529 S.E.2d at 19 ("[W]hen a money judgment is finalized, whether in a lower court or in an appellate court, the interest on that amount, whether it has been modified upward or downward or remains the same, runs from the date of the original judgment."). It appears the family court based its calculation of the post-judgment interest Husband owed Wife on Husband's calculation of the equitable setoff. In Husband's calculation, the $19,524.23 he owed Wife in attorney's fees and from the property division award stopped accruing interest when this court retroactively terminated Husband's alimony payments on February 8, 2018. We hold the $19,524.23 continued to accrue interest to the present because the retroactive termination of Husband's alimony had no effect on the accrual of interest on the attorney's fees and property division award he owed Wife. Accordingly, we reverse the family court's award of $9,271.69 to Husband and remand for a recalculation of the amounts of post-judgment interest Husband owed Wife for the attorney's fees and property distribution award accruing from November 24, 2015, to the present and that Wife owed Husband for his excess alimony payments accruing from May 15, 2019, to the present.

4. We hold the family court did not err in finding the amount Husband owed in attorney's fees and for the property distribution award with interest was equitably offset by the excess alimony payments, with interest, that Wife owed Husband. *See Stoney*, 422 S.C. at 596, 813 S.E.2d at 487 ("[T]he proper standard of review in family court matters is de novo . . . ."); *Ex parte Dibble*, 279 S.C. 592, 595, 310 S.E.2d 440, 442 (Ct. App. 1983) (stating that "[c]ourts have the inherent power to do all things reasonably necessary to insure that just results are reached to the fullest extent possible"). We hold the family court did not err in allowing equitable setoff notwithstanding Wife's argument that it would prevent Husband from paying

her attorney's fee award directly to her attorney because attorney's fees are paid to the litigant, not to the attorney. *See* S.C. Code Ann. § 20-3-120 (2014) ("In every divorce action from the bonds of matrimony either party may in his or her complaint or answer or by petition pray for the allowance to him or her of alimony and suit money and for the allowance of such alimony and suit money pendente lite. If such claim shall appear well-founded the court shall allow a reasonable sum therefor."); *Louthian & Merritt, P. A. v. Davis*, 272 S.C. 330, 333, 251 S.E.2d 757, 758 (1979) ("[U]nder the plain terms of Section 20-3-120, if an award of attorneys' fees is made in an action for divorce, the award must be made to the [receiving party]. Section 20-3-120 does not authorize the lower court, in an action for divorce, to make the allowance directly to the [receiving party's] attorney."); *Foreman v. Foreman*, 280 S.C. 461, 466, 313 S.E.2d 312, 315 (Ct. App. 1984) (remanding the award of attorney's fees directly to the wife's attorney to the trial court to "consider whether there is reason to require payment of attorney fees to [the wife's] attorney directly" and stating " if not, the award shall be made to [the wife]"). Further, section 20-3-145 does not support the payment of attorney's fees directly to the receiving party's attorney as Wife suggests. *See* S.C. Code Ann. § 20-3-145 (2014) ("In any divorce action any attorney fee awarded by the court shall constitute a lien on any property owned by the person ordered to pay the attorney fee and such attorney fee shall be paid to the estate of the person entitled to receive it under the order if such person dies during the pendency of the divorce action."). The statute states that the attorney's fees should be paid to the estate of the person entitled to the fees if the person dies during the action's pendency, not to the person's attorney. *See id.* Therefore, this statute does not support Wife's argument that the attorney's fees cannot be part of the equitable setoff because equitable setoff would prevent Husband from paying the attorney's fees directly to Wife's attorney. Accordingly, we hold the fact that the $19,524.23 Husband owed Wife included $10,000 of attorney's fees did not prevent the family court from allowing equitable setoff.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**